Marcia GALE, Appellant,

v.

MERCY CATHOLIC MEDICAL CENTER EASTWICK, INC., FITZGERALD MERCY DIVISION and Nikolaos Tsirakoglou, MD and Debra Baseman, MD and Brian Berger, MD and Mercy Health Plan and Keystone Health Plan East, Appellee.

Superior Court of Pennsylvania.

Argued June 19, 1997.
Filed Aug. 4, 1997.

Lawrence A. Katz, Bala Cynwyd, for appellant.

Frederick J. DeRosa, Jr., Philadelphia, for Mercy Catholic Medical Center, appellee.

Before McEWEN, President Judge, CAVANAUGH, J., and MONTEMURO, Judge.*

MONTEMURO, Judge.

This appeal arises from the December 24, 1996 Order of the Philadelphia Court of Common Pleas sustaining Appellees' preliminary objection to venue and transferring the action to Delaware County. We reverse.

Appellant/Plaintiff, Marcia Gale, commenced the underlying medical malpractice action[1] by writ of summons on October 11, 1994 against the following Appellee/Defendants: Mercy Catholic Medical Center, Fitzgerald Mercy Hospital;[2] Mercy Health Plan;

---

* Retired Justice assigned to Superior Court.

1. The underlying facts constituting the cause of action are irrelevant for our purposes.

2. In her complaint, pleadings and responses, Appellant consistently refers to this Appellee as

"Mercy Catholic Medical Center Eastwick, Inc., Fitzgerald Mercy Division." Appellee, however, has corrected the caption on its preliminary objections to read "Mercy Catholic Medical Center, Fitzgerald Mercy Hospital." We will refer to this Appellee as "Mercy."

Keystone Health Plan East; and three doctors employed by Mercy Catholic Medical Center. A complaint was filed approximately two months later. Defendant Keystone Health Plan East removed the action to federal court on January 13, 1995, based on federal subject matter jurisdiction. However, once in federal court, Appellant entered into Stipulations of Dismissal with Defendants Keystone Health Plan East and Mercy Health Plan, which were both removed as parties.[3]

Appellant then petitioned to remand the case to the Philadelphia Court of Common Pleas, which the district court granted on April 18, 1995. In a letter addressed to counsel for Mercy dated June 8, 1995, Appellant's counsel indicated that he would be filing an Amended Complaint to delete the references to and counts against the two dismissed defendants, Mercy Health Plan and Keystone Health Plan East. However, Appellant did not attempt to file this Amended Complaint until August 28, 1996, at which time it was rejected by the prothonotary for failure to secure a stipulation from opposing counsel or court approval to file an amended complaint. On September 17, 1996, Appellees filed preliminary objections to the Amended Complaint which they believed had been filed, alleging improper venue. The court granted Appellees' objection based on improper venue by Order dated October 30, 1996, and transferred the action to Delaware County. However, the court subsequently vacated that Order based on a stipulation by counsel.

On November 8, 1996, Appellees filed preliminary objections to Appellant's original complaint, again claiming, *inter alia,* that venue was improper. Appellant filed preliminary objections and a motion to strike Appellees' preliminary objections, contending that Appellees' preliminary objections were untimely filed and that venue was proper in Philadelphia County. By Order dated December 17, 1996, and docketed December 24,

1996, the court partially granted Appellees' preliminary objections, transferring venue to Delaware County.[4] This timely appeal follows.

Appellant raises two issues for our review:

I. Whether venue in Philadelphia County was proper where one of the defendants maintained several medical facilities in Philadelphia County and regularly and habitually used the Philadelphia court system to enforce its legal rights[?]

II. Whether preliminary objections are improperly granted where they are filed almost two years after the complaint was filed[?]

(Appellant's Brief at 3). We will address Appellant's second issue first.

■ Appellant contends that the trial court erred in entertaining Appellees' preliminary objections because they were filed almost two years after the complaint. Although Rule 1026(a) of the Pennsylvania Rules of Civil Procedure states that all pleadings subsequent to the complaint must be filed within 20 days after service of the preceding pleading, this Rule has been interpreted as permissive rather than mandatory. *Francisco v. Ford Motor Co.,* 397 Pa.Super. 430, 433–34, 580 A.2d 374, 376 (1990), *allocatur denied,* 527 Pa. 633, 592 A.2d 1301 (1991). It is left to the sound discretion of the trial court "to permit a late filing of a pleading where the opposing party will not be prejudiced and justice so requires." *Ambrose v. Cross Creek Condominiums,* 412 Pa.Super. 1, 10, 602 A.2d 864, 868 (1992). *Accord Peters Creek Sanitary Auth. v. Welch,* 545 Pa. 309, 681 A.2d 167 (1996). Therefore, our review is limited to determining whether or not the trial court abused its discretion; "we may not substitute our judgment for the judgment of the trial court[.]" *Francisco,* 397 Pa.Super. at 433, 580 A.2d at 375.

■ Recently, in *Peters Creek Sanitary Auth. v. Welch, supra,* our Supreme Court

---

3. The trial court Opinion erroneously states that Defendant "Mercy Catholic Medical Center" was dismissed as a party; in fact, "Mercy Health Plan" was dismissed. "Mercy Catholic Medical Center, Fitzgerald Mercy Division" remains a party, and indeed, is an Appellee in this appeal.

4. The court declined to consider Appellees' remaining preliminary objections, dismissing them "without prejudice to defendant's right to raise preliminary objections in [the Delaware County] venue." (Order, dated December 17, 1996).

outlined the standard by which we determine whether a trial court has abused its discretion in deciding whether to permit a late filing.

> When a party moves to strike a pleading, the party who files the untimely pleading must demonstrate just cause for the delay. It is only after a showing of just cause has been made that the moving party needs to demonstrate that it has been prejudiced by the late pleading.

*Id.* at 314–15, 681 A.2d at 170.

■ Turning to the instant case, we find that the trial court did not abuse its discretion by refusing to strike Appellees' preliminary objections. The court found Appellant's argument regarding Appellees' late filing "rather disingenuous[,]" considering the proceedings in federal court and the confusion regarding the proposed Amended Complaint. (Trial Ct. Op. at 2). After an independent review of the record, we agree. As early as June 1995, Appellant informed Appellees that she would be filing an Amended Complaint. When she did attempt to file it in August 1996, Appellees lodged preliminary objections within 20 days. Therefore, we agree with the trial court that the delay in filing was, to some extent, Appellant's own doing.[5] *Cf. Peters, supra* (holding trial court did not abuse discretion in striking preliminary objections filed 23 months after complaint served and one day before trial when defendant offered no explanation for delay and blatantly disregarded time limits imposed by Rules); *Francisco, supra* (finding no abuse of discretion in striking preliminary objections filed three years and nine months after complaint when defendant offered no explanation for delay).

■ Moreover, in her brief, Appellant has not alleged how she is prejudiced by the late pleading. Prejudice "includes any substantial diminution [in Appellant's] ability to present factual information in the event of trial[.]" *American Bank & Trust Co. v. Ritter, Todd & Haayen,* 274 Pa.Super. 285, 289, 418 A.2d 408, 410 (1980), *quoted in Francisco,* 397 Pa.Super. at 437 n. 6, 580 A.2d at 377 n. 6. Indeed, Appellant's ability to present facts at trial or in opposition to Appellees' venue challenge has not been adversely affected by the delay.[6] Therefore, we conclude that the trial court's decision to entertain Appellees' preliminary objections constituted a proper exercise of its discretion.

■ Next, Appellant argues that venue is proper in Philadelphia County, and that the trial court erred in transferring venue. The decision whether or not to transfer venue is within the trial court's discretion; thus, we will not overturn that decision absent an abuse of that discretion. *Mathues v. Tim-Bar Corp.,* 438 Pa.Super. 231, 234, 652 A.2d 349, 351 (1994). *Accord Masel v. Glassman,* 456 Pa.Super. 41, 689 A.2d 314 (1997). Moreover, "each case rests on its own facts." *Purcell v. Bryn Mawr Hosp.,* 525 Pa. 237, 246, 579 A.2d 1282, 1286 (1990).

■ Rule 2179 of the Pennsylvania Rules of Civil Procedure designates where proper venue may lie in an action against a corporation:

> (a) . . . a personal action against a corporation or similar entity may be brought in and only in
>
> > (1) the county where its registered office or principal place of business is located;

---

**5.** We note that the objection on appeal, improper venue, was not an issue until the case was remanded to state court. Appellant's original complaint included a cause of action against Mercy Health Plan, whose office is located in Philadelphia. Therefore, the only real "delay" is the two months between April 1995, when the case was remanded to state court, and June 1995, when Appellant first notified Appellees that she intended to file an Amended Complaint. We cannot conclude that the trial court abused its discretion in ignoring this time period.

**6.** Appellant does assert that she would be prejudiced by *trial* in Delaware County because the Delaware County Court of Common Pleas has indefinitely suspended all civil cases. She attached to her preliminary objections a letter from the court, dated July 26, 1996, attesting to this fact. Even if true, which Appellees assert it is not, this fact alone would not satisfy the prejudice requirement. Although we recognize that a delay of trial may, in some cases, affect a plaintiff's ability to present factual information, Appellant has failed to allege how her case, if delayed, would be affected.

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

Pa.R.C.P. 2179(a)(1)–(4). Appellant argues that because Mercy "regularly conducts business" in Philadelphia County, the original venue is proper. We find that Appellant has provided sufficient evidence that venue in Philadelphia is proper and that Appellees have not carried their burden in supporting their objections to the court's jurisdiction, *Holt Hauling & Warehousing Sys. Inc. v. Aronow Roofing Co.,* 309 Pa.Super. 158, 161–62, 454 A.2d 1131, 1133 (1983); thus, the trial court's transfer of venue was an abuse of discretion.

In their preliminary objections, Appellees assert that venue in Philadelphia is improper because Appellant's complaint alleges no connection to Philadelphia except the business address of Defendant Mercy Health Plan, a defendant who was voluntarily dismissed from the case. Appellant's preliminary objections and motion to strike in response to Appellees' preliminary objections allege the following connections to Philadelphia: (1) Mercy has sued numerous defendants in the Philadelphia Court of Common Pleas; (2) Mercy is listed in the Philadelphia White Pages and Dorland's Medical Directory of Eastern Pennsylvania and Southern New Jersey as having a division in Philadelphia, specifically Misericordia Hospital; (3) Mercy is listed in the Philadelphia White Pages as having three additional offices in Philadelphia, specifically Mercy Catholic Emergency Psychiatric Crisis Center, Mercy Care Port A Division of Mercy Catholic Hospital, and Mercy Catholic Occupational Health. *See* Plaintiff's Preliminary Objections, Motion to Strike, and Response to Preliminary Objections of Defendants at 7–8, ¶¶ 17, 21. In addition, Appellant avers that Appellee Dr. Nickolaos Tsirakoglou, one of the three doctors named in the suit, maintains an affiliation with Misericordia Hospital. *Id.* at 8, ¶ 20. In her accompanying Memorandum of Law, Appellant confuses the issue by alleging

that the parent corporation of both Fitzgerald Mercy Hospital and Misericordia Hospital is Mercy Health Corporation. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Preliminary Objections, Motion to Strike and Response to Defendant's Preliminary Objections at 4–5. Although Appellant asserts that Mercy Health Corporation is a party to the suit, we find no mention of this specific corporation in the complaint.

In their Response to Appellant's preliminary objections, Appellees contend that the only defendant in the suit is Mercy Catholic Medical Center, Fitzgerald Mercy Hospital and neither Misericordia Hospital nor Mercy Health Corporation is a party to the dispute. Thus, consideration of proper venue based on these two corporations is irrelevant.

As the moving parties, Appellees have the burden of proving that their objections to venue are valid. *Holt Hauling & Warehousing Sys. Inc., supra.* This, we conclude, they have failed to do. Appellees encourage this Court to look only at Appellant's complaint in determining whether venue is proper in Philadelphia County. We agree that if we take this narrow view, Appellees would succeed, since in her complaint Appellant alleges no connection to Philadelphia except the business address of a dismissed party. However, we find no law supporting Appellees' position that the court may only consider *the complaint* when ruling on preliminary objections. In fact, Rule 1028 specifically provides that "[i]f an issue of fact is raised [in preliminary objections], the court shall consider evidence by depositions or otherwise." Pa.R.C.P. 1028(c)(2). Although the court in the present case did not require depositions, it was obligated to consider the facts raised in both Appellees' and Appellant's pleadings. Viewing these facts, we conclude that Appellant provided sufficient information to show that Mercy Catholic Medical Center, a party to the action through its Fitzgerald Mercy Hospital division, "regularly conducts business" in Philadelphia through its Misericordia Hospital division and other offices.

In determining whether a corporation "regularly conducts business" in a particular county, we "must focus on the nature of the

acts the corporation allegedly performs in that county, which must be assessed both as to their quantity and quality." *Mathues,* 438 Pa.Super. at 234, 652 A.2d at 351. Acts satisfying the quality test are " 'those directly, furthering or essential to, corporate objects; they do not include incidental acts.' " *Purcell,* 525 Pa. at 244, 579 A.2d at 1285 (citation omitted). Acts of sufficient quantity are those " 'so continuous and sufficient to be general or habitual.' " *Id.*

█ Clearly, the operation of a division/hospital is an act of sufficient quality and quantity to meet the "regularly conducts business" test since providing medical services is the purpose of the corporation's existence.[7] *Cf. Purcell, supra* (finding venue improper in Philadelphia County when hospital located in Montgomery County participated in residency program with Philadelphia hospital, purchased goods and services from Philadelphia businesses, and advertised in Philadelphia County); *Masel, supra* (finding venue improper in Philadelphia County when physician services company located in Bucks County utilized a Philadelphia recruiting company to recruit physician and received 20% of gross revenues from Philadelphia third party payers and 3% from Philadelphia residents). The instant case is very similar to the scenario contemplated by our Supreme Court in *Purcell:*

> Our conclusion [that venue is improper in Philadelphia] would be different if, for example, Bryn Mawr established a branch clinic in Philadelphia where paying customers would be diagnosed or treated on the premises in Philadelphia, just as there can be no question that Bryn Mawr does business in Montgomery County.

*Purcell,* 525 Pa. at 247, 579 A.2d at 1287. Here, we have such a case. Because Appellees have provided no evidence that Fitzgerald Mercy Hospital operates **independently** of its parent corporation, Mercy Catholic Medical Center, they, as the moving parties, have not satisfied their burden of showing that Appellant's original choice of venue is improper.[8]

We note that in *Incollingo v. McCarron,* 416 Pa.Super. 419, 611 A.2d 287 (1992), this Court reviewed an Order of the Philadelphia Court of Common Pleas transferring an action to Delaware County based on the doctrine of forum non conveniens. One of the parties to that action was "Mercy Catholic Medical Center of Southeastern Pennsylvania." In that opinion, we emphasized that venue was technically proper in Philadelphia because "Mercy Catholic maintains a division in Philadelphia County[.]" *Id.* at 422, 611 A.2d at 288. Similarly, in the present case, by suing "Mercy Catholic Medical Center, Fitzgerald Mercy Hospital," Appellant has implicated the parent corporation, which "regularly conducts business" in Philadelphia County.

█ We emphasize that this appeal is based on Appellees' allegation of **improper venue**; it is not a petition to transfer venue based on the doctrine of forum non conveniens.[9] Although, technically, proper venue may lie in a particular county, under Rule 1006(d)(1), a trial court is vested with the discretion to transfer venue to a county with more connections to the case so that trial there will be more convenient for both the parties and the witnesses. Therefore, Appellees' opportunity to transfer venue based on this doctrine is not lost in this appeal.

Order reversed. Case remanded to Philadelphia County.

Jurisdiction relinquished.

---

7. We anticipate this same issue to arise more often as hospitals across the region continue to consolidate, resulting in a few major health systems with many division/hospitals.

8. While we conclude that venue is proper in Philadelphia County based on Mercy's medical divisions there, we find the fact that Mercy has initiated legal proceedings in Philadelphia County in the past insufficient to satisfy venue requirements. Mercy's institution of legal proceedings in Philadelphia County, like Bryn Mawr Hospi-

tal's advertising in *Purcell,* does not amount to "conducting business." Mercy's business is the provision of medical care, not the commencement of lawsuits.

9. "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).