**Bickelman v. Abington Memorial Hospital**

364

C.P. of Philadelphia County, December Term 2001, no. 3331.

*Edward Joseph Carreiro,* for plaintiff.
*Donald J. Brooks, Frank A. Gerolamo, Marcy H. Landis, Kevin H. Wright, John Carleton Farrell* and *Bartholomew C. Tuttle,* for defendants.

NEW, *J.,* September 11, 2002—

## PROCEDURAL AND FACTUAL HISTORY

Plaintiff Grace Bickelman, on behalf of her husband, decedent Charles Bickelman, filed a medical malpractice action in Philadelphia County on December 21, 2001. Plaintiff alleged that her husband sustained a perforated esophagus during cervical lamenectomy surgery. This condition, which remained undiagnosed and untreated by the defendants, ultimately resulted in his untimely death. This cause of action arose while decedent was a patient at defendant Abington Memorial Hospital which is a corporation located in Montgomery County, Pennsylvania. It is also averred that all individual defendants reside and work in Montgomery County and all the corporate defendants operate business in Montgomery County.

After service of the complaint, several defendants filed preliminary objections. This court issued five orders ruling on the preliminary objections of the various defendants. By order dated July 8, 2002 this court ruled Philadelphia County was an improper venue and transferred the matter to Montgomery County. The court also struck all allegations of recklessness from the plaintiff's complaint. On August 6, 2002, plaintiff timely filed notices of appeal to three of the orders issued by the court on July 8, 2002.

## LEGAL ANALYSIS

Plaintiff has appealed the court's orders to the preliminary objections of (1) Edward J. Ginley M.D. and Anesthesia Associates of Abington; (2) Abington Me-

morial Hospital and Ralph Morgan C.R.N.A.; and (3) Steven J. Barrer M.D. and Regional Neurosurgical Associates P.C. Plaintiff raised two issues on appeal.[1] The first was that the trial court erred when it sustained defendant's preliminary objections transferring venue to Montgomery County. The second was that the court erred when it struck all allegations of recklessness in the complaint.

## THE COURT PROPERLY RULED VENUE WAS IMPROPER IN PHILADELPHIA COUNTY AND TRANSFERRED THE CASE TO MONTGOMERY COUNTY

Since the issues raised by the plaintiff in the present case with respect to venue were similar to those raised by the plaintiff in *Krosnowski v. Ward M.D.,* Philadelphia Court of Common Pleas, October term 2001, no. 0822, this court adopts and attaches the opinion of Judge Quiñones Alejandro dated May 2, 2002 in the above-mentioned case.[2] The Honorable Judge Quiñones Alejandro also sustained preliminary objections and transferred venue to Montgomery County.

---

1. Each of the orders contains one or both issues the plaintiff complains of on appeal, therefore this court will address both issues in this opinion.

2. Plaintiff also makes a forum non conveniens argument in response to the defendants' preliminary objections to improper venue. This court transferred venue based on improper venue under Pa.R.C.P. 1006(a) and Pa.R.C.P. 2179 and not because venue was inconvenient to defendants under Pa.R.C.P. 1006(d). A forum non conveniens argument is inapplicable.

## STRIKING ALL ALLEGATIONS OF RECKLESSNESS IN THE COMPLAINT WAS PROPER

The plaintiff has waived her right to argue on appeal that the court erred when it sustained defendants' preliminary objections to strike all allegations of recklessness in the complaint. In plaintiff's memorandum of law in response to defendant Abington Memorial Hospital's preliminary objections she stated "[p]laintiff has no objection to removing the term 'recklessness' from paragraphs 70, 71, 82, 90, 94, and 96 of her complaint." Additionally, in plaintiff's response to Edward J. Ginley M.D. and Abington Anesthesia Associates' preliminary objections she stated her willingness to remove all allegations of "reckless conduct" contained in her complaint. In fact, she requested leave of court to do so. Moreover, plaintiff has conceded that punitive damages were not warranted in this matter. Since the court reviewed all preliminary objections to plaintiff's complaint simultaneously and relied on plaintiff's own statements in her memoranda of law with regard to striking all allegations of recklessness, the court acted properly in sustaining defendants' preliminary objection.

Wherefore, for the above stated reasons the orders of this court transferring venue to Montgomery County and striking all allegations of recklessness should be upheld.

QUIÑONES ALEJANDRO, *J.,* May 2, 2002—

## INTRODUCTION

On October 4, 2001, Dolores Krosnowski as the administratrix of the estate of Thaddeus Krosnowski, deceased, (plaintiff) commenced a wrongful death action and survival action against Stephen D. Ward M.D., Bruce G. Roy M.D., Robert E. Dee M.D., Kisha Martin M.D., Abington Primary Care Medicine P.C., Abington Pulmonary and Critical Care Associates Ltd., Associates in Infectious Disease, Abington Memorial Hospital, and Abington Memorial Hospital Foundation (defendants) based on their alleged professional and/or corporate negligence. In response to the complaint, several of the defendants filed preliminary objections challenging venue and requesting the transfer of this civil action to Montgomery County. After carefully considering the pleadings and responses thereto, this motion judge sustained the preliminary objections and transferred the matter to Montgomery County. On appeal, plaintiff argues that this ruling was in error.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Briefly, the factual history defined by the pleadings, exhibits, and memoranda submitted in support of the parties' respective preliminary objections and responses, is as follows:

"At all relevant time periods of this action, Dolores Krosnowski and her now deceased husband, Thaddeus Krosnowski, resided at 140 Hogeland Road, Southampton, Montgomery County, Pennsylvania.

"Stephen D. Ward M.D., is a licensed physician specializing in internal medicine, who resides at 1362 Welsh Road, North Wales, Montgomery County, Pennsylvania, with professional offices at 1339 Easton Road, Abington, Montgomery County, Pennsylvania.

"Bruce G. Roy M.D., is a licensed physician specializing in internal medicine, pulmonary medicine, and critical care, with professional offices at 1235 Old York Road, Suite 121, Abington, Montgomery County, Pennsylvania.

"Robert E. Dee M.D., is a licensed physician specializing in internal medicine and infectious diseases, with professional offices at 1235 Old York Road, Suite 220, Abington, Montgomery County, Pennsylvania.

"Abington Primary Care Medicine P.C., is a professional corporation located at 1372 Easton Road, Roslyn, Montgomery County, Pennsylvania.

"Abington Pulmonary and Critical Care Associates is a professional corporation located at 1235 Old York Road, First Floor, Abington, Montgomery County, Pennsylvania.

"Associates in Infectious Disease is a professional corporation located at 1235 Old York Road, Suite 220, Abington, Montgomery County, Pennsylvania.

"Abington Memorial Hospital (AMH) and Abington Memorial Hospital Foundation (AMHF) are medical corporations located at 1200 Old York Road, Abington, Montgomery County, Pennsylvania.

"Kisha Martin M.D., is a resident physician employed with defendant AMH.

"On September 29, 1999, Thaddeus Krosnowski (decedent) was admitted into defendant AMH by defendant Ward with a diagnosis of distal enteritis. On October 3, 1999, he underwent a surgical procedure for a perforated appendix. On October 8, 1999, decedent experienced a sudden onset of shortness of breath, pleuritic chest pain, diaphoresis and oxyhemoglobin desaturation. Each of the defendant-physicians allegedly made entries in decedent's medical records and the diagnosis of pulmonary embolus was noted in the chart. There are no orders by any of said defendant-physicians for any diagnostic tests to confirm the noted diagnosis and/or to provide anticoagulation therapy to decedent. On October 14, 1999, decedent died as a result of a sudden onset of respiratory distress and a subsequent cardiac arrest. Post-mortem examination done on October 15, 1999, revealed evidence of fresh pulmonary emboli and pulmonary emboli that had occurred several days earlier.[1] The cause of death was noted to be an acute pulmonary embolism."

Procedurally, the record reveals that:

"On October 4, 2001, plaintiff commenced a wrongful death action and a survival action based on claims of medical malpractice and/or corporate negligence against defendants. Timely preliminary objections averring improper venue were filed by defendants Roy, Dee, Critical Care, Associates and AMH.

"On November 14, 2001, plaintiff filed an amended complaint. Defendants Roy, Critical Care, Ward, Martin, AMH, AMHF, Dee and Associates timely filed preliminary objections to plaintiff's amended complaint and

---

1. Plaintiff's statement of matters complained of on appeal, p. 4.

again argued, inter alia, improper venue and legal insufficiency. Plaintiff filed timely answers in opposition to the preliminary objections, and defendants Ward, Martin, AMH and AMHF filed a reply.

"On January 9, 2002, these pleadings were assigned to this motion judge. By orders dated January 14, 2002, this motion judge sustained defendants' preliminary objections and transferred the matter to Montgomery County, with costs to be borne by plaintiff.[2]

"Dissatisfied with the portion of the order which transferred venue, plaintiff, on February 5, 2002, filed timely appeals."

## ISSUE

In response to an order issued in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), plaintiff, on March 21, 2002, filed of record a statement of matters complained of on appeal and argued that this motion judge erroneously sustained defendants' preliminary objections in that:

"(1) venue properly lies in Philadelphia County as to defendant Abington Memorial Hospital because defendants failed to meet their burden of establishing that plaintiff's choice of forum was improper, and because Abington Memorial Hospital maintains sufficient quality and quantity of contacts with Philadelphia County under existing case law in the following ways:

---

2. This order also struck the terms "agents, servants, employees and ostensible agents," and granted plaintiff leave to file a second amended complaint. On February 5, 2002, plaintiff filed another amended complaint.

"(a) by holding itself out as a Philadelphia County health-care institution and marketing its service, to residents of Philadelphia County;

"(b) through the 'CHOP Connection' and its close affiliation with Children's Hospital of Philadelphia in Philadelphia County;

"(c) and through its regular use of the Court of Common Pleas of Philadelphia to conduct litigation as a plaintiff and defendant in civil matters.

"(2) Defendant AMH furthers its corporate objective of patient care through its residency programs which depend on their close affiliations with teaching hospitals in Philadelphia County; and

"(3) this court has repeatedly overruled identical objections to venue in Philadelphia County raised by defendant AMH in other cases."

## LAW AND DISCUSSION

It is well-settled that improper venue shall be raised by preliminary objection. Pennsylvania Rules of Civil Procedure 1006(e) and 1028(a)(1); *Kubik v. Route 252 Inc.,* 762 A.2d 1119, 1123 (Pa. Super. 2000). Questions of venue must be raised at the first reasonable opportunity, otherwise, they are deemed waived. *Id.* A trial/motion judge has the discretion to sustain or overrule preliminary objections that challenge venue. *Mathues v. Tim-Bar Corp.,* 438 Pa. Super. 231, 234, 652 A.2d 349, 351 (1994). A court's ruling will depend on the facts of the particular case and will not be disturbed if the decision is reasonable in light of the facts. *Sunderland v. R.A.*

*Barlow Homebuilders,* 791 A.2d 384, 387 (Pa. Super. 2002); *Masel v. Glassman,* 456 Pa. Super. 41, 45, 689 A.2d 314, 316 (1997). It is understood that a plaintiff's choice of forum is to be given great weight so long as the requirements of personal and subject matter jurisdiction are satisfied, and it is the defendant who has the burden in asserting a challenge to the plaintiff's choice of venue. *Kubik, supra* at 1122; *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623 A.2d 821, 824 (1993). If there exists any proper basis for the court's decision to sustain the preliminary objections and transfer venue, the decision must stand. *Estate of Werner ex rel. Werner v. Werner,* 781 A.2d 188 (Pa. Super. 2001). Further, a decision to transfer to an appropriate county will not be reversed unless there is a showing of an abuse of discretion. *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239 (Pa. Super. 1997).

To show an abuse of discretion, an appellant must show that in reaching a conclusion, either a law was overridden or misapplied, or the judgment exercised was manifestly unreasonable, or the result of bias, prejudice, or ill will. *Commonwealth v. Baker,* 564 Pa. 192, 198, 766 A.2d 328, 331 (2001).

Generally, venue is determined by either Pa.R.C.P. 1006 or 2179. Specifically, Rule 1006(a) provides that: "an action against an individual may be brought in and only in a county in which the individual may be served or in which the cause of action arose or where the transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law." Pa.R.C.P. 1006(a).

As for personal actions against a corporation or similar entity, Rule 2179(a) provides that these actions may be brought in and only in:

"(1) the county where the registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

"(3) the county where the cause of action arose; or

"(4) a county where the transaction or occurrence took place out of which the cause of action arose." Pa.R.C.P. 2179(a).

In addition, under the general rule of venue, an action involving multiple defendants who may be jointly and severally liable, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants. Pa.R.C.P. 1006(c).

Here, it is undisputed that the alleged medical malpractice action occurred in Montgomery County. It is further uncontested that the defendant-physicians have offices and/or residences in a county other than Philadelphia County, and that defendant AMH has its principal place of business in Montgomery County. In light of the cited rules, the determinative issue to establish venue in Philadelphia County is whether defendant AMH regularly conducts business in Philadelphia County.

To determine whether a corporation *regularly conducts business* in a particular county, a court must focus on the nature of the acts the corporation allegedly performs *in that county*, which must be assessed both as to their quantity and quality. *Gale v. Mercy Catholic Medical Center Eastwick Inc., Fitzgerald Mercy Division*, 698 A.2d 647, 651 (Pa. Super. 1997), *appeal denied*, 552 Pa. 693, 716

A.2d 1249 (1998); *Mathues, supra* at 234, 652 A.2d at 351. (emphasis added) Acts satisfying the *quality* test are those directly, furthering, or essential to, corporate objects; they do not include incidental acts. *Gale, supra.* (citations omitted) Acts satisfying the *quantity* test are those so continuous and sufficient to be general or habitual. *Id.* In combined form, the acts of a corporation must be distinguished: those in *aid of a main purpose* are collateral and incidental, while those *necessary to its existence* are direct. *Shambe v. Delaware and Hudson Railroad Company,* 288 Pa. 240, 135 A. 755 (1927); *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990).

As stated, plaintiff argues that venue is appropriate in Philadelphia County because defendant AMH holds itself out as a Philadelphia County health-care institution and markets its services to residents of Philadelphia by its listings in the Bell Atlantic Philadelphia Yellow Pages, and in its inclusion in the 2001 Dorland's Physician Directory as a "regional health center serving people in Montgomery, Bucks and Philadelphia Counties." [3] Additionally, plaintiff contends that defendant AMH's close affiliation with the Children's Hospital of Philadelphia (CHOP) is sufficient to confer venue in Philadelphia County. Defendant AMH's website describes the CHOP connection at AMH as an enhancement to AMH's inpatient program. The program provides 24-hour coverage by CHOP physicians for pediatric inpatients, as well as consultations by other pediatric specialists.

---

3. 2001 Dorland's Physician Directory, p. 487.

As to plaintiff's argument that defendant AMH's advertisements in Philadelphia County confers venue therein, plaintiff is mistaken since clearly, advertising does not amount to conducting business for purposes of venue. See *Purcell, supra.* Further, the activities on the website are also merely incidental functions and not central to defendant AMH's business. See *Kubik, supra.*

Plaintiff is also mistaken in her argument that because defendant AMH is involved with CHOP[4] to provide 24-hour coverage by CHOP physicians to defendant AMH's pediatric *in*patients, this arrangement confers venue in Philadelphia County. This is a service done *at* defendant AMH's facility by staff physicians, some of whom may also have privileges at CHOP. Again, in this motion judge's opinion, this relationship does not confer venue in Philadelphia County. As stated in *Purcell, supra,* this conclusion might have been different had defendant AMH established a branch clinic or program in CHOP or anywhere else in Philadelphia where paying customers would be diagnosed or treated on its premises in Philadelphia.

In addition, as an *enhancement* to AMH's own inpatient program, this motion judge opines that this arrangement is analogous to having residents rotate in a hospital, *albeit* these physicians may or may not be residents, and is, therefore, incidental to defendant AMH's corporate objectives as a health-care provider. Again, see *Purcell, supra.*

---

4. Plaintiff characterized this relationship as an affiliation.

Plaintiff argues that defendant AMH furthers its corporate objective of patient care through its residency programs which depend on their close affiliations with teaching hospitals in Philadelphia County. Once again this motion judge disagrees and acknowledges the court's holding in *Purcell, supra,* that the rotation and use of medical personnel is essentially an educational process which does not amount to the quality of business activity, and that such arrangements with the medical schools go beyond mere incidental contacts rather than being essential. *Purcell, supra* at 247, 579 A.2d at 1287.

Finally, plaintiff argues that this court has overruled identical objections to venue raised by defendant AMH in other matters. This argument is of no import since in deciding whether venue is proper, each case must rest on its own facts. *Gale, supra* at 650. This motion judge does not have to follow rulings in other cases, wherein defendant AMH raised preliminary objections challenging venue. Of interest, defendant AMH points to many other rulings where preliminary objections were *sustained* and venue was transferred out of Philadelphia County. Further, it has been suggested that medical providers are not in the business of commencing lawsuits. See *Gale, supra* at 652 n.8, where the court stated that "the fact that Mercy has initiated legal proceedings in Philadelphia County in the past [is] insufficient to satisfy venue requirements . . . [its] business is the provision of medical care, not the commencement of lawsuits." Thus, plaintiff's argument that venue is proper through defendant AMH's regular use of the Court of Common Pleas of Philadelphia to conduct litigation as a plaintiff and defendant in civil matters has no merit.

378

## CONCLUSION

Based on the foregoing analysis and case law, in particular *Purcell, supra* and *Gale, supra,* this motion judge opines that when analyzing the quantity and quality of defendant AMH's activities in Philadelphia County, these are not sufficient to confer venue in Philadelphia County in this matter. Therefore, this motion judge respectfully requests that plaintiff's appeal be dismissed and that the orders of January 14, 2002, be affirmed.