# Pasquariello v. Godbout

C.P. of Northampton County, no. C0048CV2003-000241.

*Gary S. Figore,* for plaintiff.
*Candy Barr Heimbach,* for defendants.

BARATTA, *J.,* April 27, 2005—

## STATEMENT OF REASONS

Presently before the court is the defendants', Brett P. Godbout M.D. and CHS Professional Practice P.C.'s, motion in the nature of preliminary objections/preliminary objections nunc pro tunc, or in the alternative, petition for the transfer of venue.

### I. *Factual and Procedural Background*

This matter arises out of alleged medical negligence against the defendants for the care and treatment of plaintiff, Umberto Pasquariello Jr.'s, right foot.

In order to understand the issue now before the court, a brief summary of the procedural background is neces-

sary. An amended complaint was filed on April 23, 2003, against defendants, Brett P. Godbout M.D. and CHS Professional Practice P.C., as well as defendants, Coordinated Health Systems and CHS Ambulatory Surgical Center. The complaint identified Dr. Godbout, CHS Professional Practice P.C. and Coordinated Health Systems as maintaining a principal place of business at 2775 Schoenersville Road, Bethlehem, Lehigh County, Pennsylvania. Defendant, CHS Ambulatory Surgical Center, is located at 2310 Highland Avenue, Bethlehem, Northampton County, Pennsylvania.[1] Although CHS Ambulatory Surgical Center is a related business entity to Coordinated Health Systems and CHS Professional Practice P.C., they are separate and independent entities.

The complaint alleges that, on or about January 24, 2001, Dr. Godbout performed surgery on plaintiff's right foot where plaintiff had been experiencing chronic pain. The surgery has been described as a "closing base wedge osteotomy with internal fixation and distal bunionectomy." It is admitted that the operation occurred in Northampton County at CHS Ambulatory Surgical Center. After the surgery, the plaintiff received surgical aftercare by Dr. Godbout at his Schoenersville Road, Lehigh County office.

The pleadings were closed and this case proceeded through discovery. The last scheduling order, entered on May 21, 2004, required plaintiff's expert reports to be filed on August 31, 2004. Defendants' expert reports were to be filed on or before December 1, 2004. The record is

---

1. The distance between 2310 Highland Ave. and 2775 Schoenersville Road is approximately three miles.

silent as to compliance with the May scheduling order; therefore we assume compliance. On February 3, 2005, all counsel entered into a stipulation for the dismissal of defendants Coordinated Health Systems and CHS Ambulatory Surgical Center. The result of the dismissal of CHS Ambulatory Surgical Center was that there is no longer a medical provider whose place of business is within Northampton County.

This matter is now ripe for trial. A pretrial conference was held on February 9, 2005, before the Honorable F. P. Kimberly McFadden. At the pretrial conference, the defendants announced that they were going to file preliminary objections based on improper venue, as a result of the dismissal of the Northampton County defendant. However, we note that it was not until April 8, 2005, that these preliminary objections were filed, over two months since the entry of the stipulation, over six months after the receipt of plaintiff's expert report and nearly two years after the amended complaint was filed.

A review of the complaint sets forth a cause of action against Dr. Godbout for negligence related to the surgery performed on January 24, 2001, in Northampton County specifically averring that the surgery was incorrectly and inappropriately performed in that it deviated from applicable medical care, thereby forcing the plaintiff into a lengthy period of recuperation and to submit to additional surgeries to correct the initial surgery done improperly. The complaint also alleges that, following the surgery, Dr. Godbout provided negligent aftercare in failing to recognize and correct an incorrect metatarsal alignment that was an unsuccessful result of the surgery. The allegations in the complaint against Dr. Godbout have not been altered by the February 3, 2005 stipulation.

The plaintiff's memorandum of law filed on March 10, 2005, in opposition to the instant preliminary objections and petition for the transfer of venue, also alleges that Dr. Godbout improperly performed the original surgery. Within that memorandum, plaintiff alleges that "the surgical intervention by the defendants was incorrectly followed in that it deviated from the appropriate standard of medical care for such procedures. . . . As set forth in the complaint, the plaintiff alleged that the original defendants knew, or should have known, the alignment of the surgical area in question, including, without limited to, the metatarsal alignment was incorrect and/or that the attempted internal fixation had been unsuccessful. . . ." See plaintiff's memorandum 3/10/2005, p. 2.

Defendants, in their preliminary objections and brief, baldly state that the medical malpractice as set forth by plaintiff's experts relates only to surgical aftercare performed by Dr. Godbout at the CHS Professional Practice P.C. location in Lehigh County.

We note that the summary of the allegations against Dr. Godbout, as asserted by defendants, differs from the allegations in the complaint, as well as the allegation in plaintiff's memorandum of law.

To summarize, the plaintiff's complaint and brief of plaintiff allege defective surgery and aftercare, while the defendants' preliminary objections and petition for transfer of venue allege that plaintiff's cause of action is limited to negligent surgical aftercare in Lehigh County.

## II. *Discussion*

There is no record before us confirming the defendants' allegations. We have not been provided with a

stipulation or expert report indicating that plaintiff has now limited his claim to a medical malpractice action existing solely in Lehigh County. Therefore, the record does not support granting the preliminary objections or preliminary objections nunc pro tunc.

Second, we find that these preliminary objections are untimely. "Improper venue shall be raised by preliminary objection and if not so raised shall be waived." See Pa.R.C.P. 1006(e); see also, *PECO Energy Co. v. Philadelphia Suburban Water Co.,* 802 A.2d 666 (Pa. Super. 2002) (the proper method of challenging venue in a civil action is by way of preliminary objections). Furthermore, "every pleading subsequent to the complaint shall be filed within 20 days after service of the preceding pleading. . . ." See Pa.R.C.P. 1026(a). "A party waives all defenses and objections . . . not presented . . . by preliminary objection. . . ." See Pa.R.C.P. 1032(a).

Plaintiff argues that our Rules of Civil Procedure mandate that the defendants' preliminary objections are untimely and that any challenge that the defendant may have to venue being improper has been effectively waived.

The defendants argue that the Pennsylvania Rules of Civil Procedure provide that the time period for the doing of any act may be extended by written agreement of the parties or by order of court. See Pa.R.C.P. 248. The decision of whether or not to grant an exception to the 20-day filing rule promulgated by Rule 1026 is within the trial court's discretion. See *Francisco v. Ford Motor Co.,* 397 Pa. Super. 430, 580 A.2d 374 (1990). Therefore, the defendants assert that we should exercise our discretion and allow their preliminary objections. The

defendants have cited several cases in support of their contention.

First, the defendants cite *Kubik v. Route 252 Inc.,* 762 A.2d 1119 (Pa. Super. 2000), for the proposition that preliminary objections shall be raised at the first available opportunity. We fail to see the relevance of *Kubik* to defendants' argument. In *Kubik,* the plaintiff was injured when a chair he was sitting on at a Delaware County restaurant collapsed. Plaintiff brought suit in Philadelphia County based upon the restaurant's sale of gift certificates over the internet. Pending the decision on the preliminary objections by the Philadelphia County Court, the defendant participated in discovery. Venue was ultimately transferred on the preliminary objections. The Superior Court affirmed. In opposite to this case, the preliminary objections in *Kubik were timely brought.*

The defendants also cite *Gale v. Mercy Catholic Medical Center Eastwick Inc.,* 698 A.2d 647 (Pa. Super. 1997), where the Superior Court permitted preliminary objections to be filed two years after the complaint was filed.

In *Gale,* a complaint was filed in December 1994 and the defendant subsequently removed the action to federal court on January 13, 1995. The matter was returned to state court on April 18, 1996, after several of the named defendants were dismissed. Thereafter, on June 8, 1996, plaintiff's counsel sent a letter to the defendants stating that he would be filing an amended complaint. Plaintiff's counsel served and attempted to file an amended complaint on August 28, 1996. The amended complaint was rejected by the prothonotary for defects. Thereafter, the defendant, believing the amended complaint was filed,

filed preliminary objections to the amended complaint alleging improper venue on September 17, 1996. The preliminary objections were granted and venue was transferred by an order dated October 30, 1996. Shortly thereafter, by stipulation of the parties, the order granting the transfer of venue was later vacated. Then, on November 8, 1996, without the plaintiff ever filing an amended complaint, the defendant filed preliminary objections to the plaintiff's original complaint alleging improper venue. The trial court granted defendant's second set of preliminary objections and again transferred the matter, finding that the delay in filing the preliminary objections was excusable. At the time that the preliminary objections were filed in *Gale,* the pleadings were still open, no answer had been filed to the complaint. Upon review, the Superior Court agreed with the trial court that the delay in filing the preliminary objections was the plaintiff's "own doing." [2] *Id.* at 650. Therefore, the decision in *Gale* to transfer venue was one of discretion and would not be overturned absent abuse of that discretion. *Id.*

As we review *Gale* to the case sub judice, we are not persuaded that we should exercise our discretion. The procedural posture of this matter differs substantially from *Gale.* Here, the defendants filed an answer and new matter to plaintiff's amended complaint, discovery has been completed and the matter is now ripe for trial. Further, the delay in filing the preliminary objections in *Gale* was attributed to the plaintiff's "own doing." Here, even

---

2. The defendant's delay in filing was the product of the federal proceedings and the confusion of the filing of plaintiff's amended complaint.

if we accept defendants' unsupported assertion that the plaintiff's claim involves only the surgical aftercare occurring in Lehigh County, defendants have been on notice of the venue issue since September 30, 2004, and, further, the Northampton County defendant was dismissed on February 3, 2005, yet defendants failed to file their preliminary objections until April 8, 2005. Consequently, we find that defendants have not acted timely and therefore we will not entertain these preliminary objections nunc pro tunc.

While our holding here is that the preliminary objections are untimely, we feel compelled to address the venue requirements for medical malpractice claims. The defendants contend that, as a result of the stipulation entered on February 3, 2005, this matter should be transferred to the Lehigh County Court of Common Pleas, pursuant to Pa.R.C.P. 1006(a.1). Rule 1006(a.1) provides:

"Except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose."

Clearly, in promulgating Rule 1006(a.1), the intent of our Supreme Court was to prevent forum shopping in medical malpractice actions. However, even if we were to accept the defendants' unsupported claim that the surgical aftercare of Dr. Godbout is the thrust of plaintiff's medical malpractice claim, we still would deny the request to transfer venue.

It is clear that this medical professional liability claim first arose in Northampton County. Dr. Godbout per-

formed the surgery on plaintiff in Northampton County. The surgical aftercare was made necessary as a result of the initial surgery in Northampton County. Certainly, they are related and the cause of action gave rise as a result of the first Northampton County medical procedure.

We think the defendants' attempt to separate the two as unrelated, independent medical procedures is an overly technical argument, which in our opinion strains logic. We refuse to accept that the surgery and the required surgical aftercare performed by the same doctor are not related and part of the same medical transaction. The surgical aftercare was required because it was part of the continuing medical transaction that began when defendant Dr. Godbout performed the surgery on plaintiff's foot in Northampton County.

Again, we also note that the venue rule at issue was enacted to prevent forum shopping. There is nothing in this record, or alleged by the defendants, which suggests that plaintiff did not commence this action in good faith in Northampton County. Defendants acknowledge that venue existed in Northampton County when the complaint was filed. No allegations have been raised regarding forum shopping.

Finally, we address the defendants' request for alternative relief, the petition for transfer of venue. The defendants allege that venue is improper under the new venue rule, Pa.R.C.P. 1006(a.1), as support for their petition for transfer. The defendants have not alleged the inability to hold a fair and impartial trial in Northampton County, nor have they alleged the inconvenience of parties and witnesses.

Improper venue must be raised by preliminary objection or it will be deemed waived. Pa.R.C.P. 1006(e). Therefore, we deny the petition for transfer of venue.

For the foregoing reasons, the defendants' motion in the nature of preliminary objections/preliminary objections nunc pro tunc, or in the alternative, petition for the transfer of venue must be denied as untimely and any objection to venue has been waived.

## ORDER

And now, April 27, 2005, the motion in the nature of preliminary objections/preliminary objections nunc pro tunc, or in the alternative, petition for the transfer of venue filed on behalf of the defendants, Brett P. Godbout M.D. and CHS Professional Practice P.C., is hereby denied.