J-S04027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HG-5873 INMATE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ESTATE OF WILLIAM RUSSO (RUZZO) | |
| APPEAL OF: WILLIAM ROHLAND | No. 824 MDA 2020 |

Appeal from the Order Entered March 11, 2020
In the Court of Common Pleas of Luzerne County
Civil Division at No: 3986-2019

BEFORE: OLSON, J., STABILE, J., and MUSMANNO, J.

JUDGMENT ORDER BY STABILE, J.: **FILED: APRIL 1, 2021**

Appellant, William Rohland, a/k/a HG-5873 Inmate, appeals *pro se* from the March 11, 2020 order sustaining the preliminary objection of the Estate of William Russo (Ruzzo) (the "Estate"). Also pending is Appellant's March 12, 2021 application for relief.[1] We affirm the trial court's order and deny the application for relief.

On April 10, 2020, Appellant filed a *pro se* complaint against the Estate for breach of contract, breach of fiduciary duty, and neglect. In the trial court's description, "[t]he complaint comprises fourteen pages of mostly

---

[1] Appellant's handwritten application for relief appears to relate to his request to have this matter submitted to compulsory arbitration. For reasons we address in the main text, we deny the application for relief.

handwritten documents that lack coherent order and offer no substantive facts." Trial Court Opinion, 10/5/20, at 1. On October 30, 2019, counsel for the estate filed a special entry of appearance to file preliminary objections. The trial court discerned from the Estate's preliminary objections that the decedent, William Russo (Ruzzo) was a public defender who represented Appellant in a criminal proceeding. On March 11, 2020, the trial court entered an order sustaining the Estate's preliminary objection for failure to state a claim, per Pa.R.C.P. No. 1028(a)(4),[2] and dismissing Appellant's complaint in its entirety. This appeal followed.[3]

Before we address the merits, we must consider whether Appellant has preserved any issue for review. The trial court's criticism of Appellant's complaint—that it was incoherent and wholly lacking in substantive facts—is equally true of his *pro se*, handwritten, eleven-page brief. In addition, the brief develops no coherent legal argument as to why the trial court erred in sustaining the Estate's preliminary objection. These deficiencies result in waiver. Pa.R.A.P. 2119(a), (b), (c); **See J.J. DeLuca Co. v. Toll Naval Assocs.**, 56 A.3d 402, 411 (Pa. Super. 2012) (noting that it is not the Superior

_____

[2] Rule 1028(a)(4) authorizes a preliminary objection based on "legal insufficiency of the pleading." Pa.R.C.P. No. 1028(a)(4).

[3] Appellant filed his *pro se* notice of appeal with this Court on April 7, 2020. We forwarded it to the Luzerne County Clerk of Courts, where it was eventually docketed on June 8, 2020. Because Appellant filed his *pro se* notice of appeal within 30 days of the trial court's order, albeit with the wrong Court, we will not dismiss the appeal as untimely.

Court's role to develop an argument our scour the record to find support for an appellant's assertions of error; the appellant's failure to do so will result in waiver); *Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.*, 959 A.2d 438, 444 (Pa. Super. 2008) (noting that failure to support an argument with citation to pertinent authority results in waiver), *appeal denied*, 972 A.2d 522 (Pa. 2009). Thus, we conclude Appellant has failed to preserve any issue for review.

To the extent Appellant intends to argue that the Estate's preliminary objections were untimely, the trial court correctly observes that Appellant's complaint contained no notice to plead or notice to defend, thereby absolving the Estate of the obligation to file any responsive pleading. Pa.R.C.P. No. 1026(a). Also, the law gives the trial court wide latitude to permit a filing outside of the twenty-day limit. *Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc.*, 698 A.2d 647. 649 (Pa. Super. 1997), *appeal denied*, 716 A.2d 12 (Pa. 1998).

Further, the trial court correctly notes that Appellant's certification for compulsory arbitration was ineffectual because, among other reasons, Appellant sought $17.5 million in damages in his complaint, and Rule 1301(a) of the Luzerne County Court of Common Pleas Rule of Civil Procedure caps the amount in controversy for compulsory arbitration at $50,000.00. Luz. Co. R.C.P. No. 1301(a). The amount in controversy is determined by reference to the complaint. Luz. Co. R.C.P. No. 1301(c).

Based on the foregoing, we affirm the trial court's order and deny Appellant's application for relief.

Order affirmed. Application for relief denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/01/2021