### U.S. Steel Corporation v. Mursor Builders, Inc.

Before Brominski, P. J., and Olszewski, J.

*James Geddes, Jr.*, for plaintiff.

*Richard J. Biscontini* and *Charles A. Shaffer*, for defendants.

BROMINSKI, P. J., May 1, 1972.—This matter comes before the court on preliminary objections in the nature of a demurrer and a motion to strike filed

by Insurance Company of North America (hereinafter referred to as defendant) to the second amended complaint of United States Steel Corporation (hereinafter referred to as plaintiff).

The following is stated as the reason for defendant's demurrer:

"The Plaintiff's Second Amended Complaint fails to state a cause of action against the Defendant, Insurance Company of North America."

The following is stated as defendant's reason for its motion to strike:

"1. The Plaintiff has attempted to join Insurance Company of North America as a party defendant by amending its complaint pursuant to Rule 1033 of the Pennsylvania Rules of Civil Procedure."

"2. The parties must be joined in accordance with the rules relating to joinder of parties and specifically Rule 2232(c) of the Pennsylvania Rules of Civil Procedure and they may not be joined in any other manner.

"3. The joinder of Insurance Company of North America as a party defendant was improper and illegal and did not conform to law or rule of court."

According to the averments of said complaint, plaintiff sold and delivered certain materials to a contractor engaged in performing work under two construction contracts with the owner of two projects known to the parties as the Johnsonburg Housing Project and the Ridgeway Housing Project. Allegedly, the contractor has failed to pay for the materials.

Plaintiff, in the second count of its second amended complaint, seeks to recover the sum of $187,189.07, plus interest and costs, from defendant, the surety on two payment bonds in which the contractor is designated as the principal and the owner and the United Penn Bank as obligees. In the first count, plaintiff

seeks to recover a similar sum from the contractor. Defendant was not originally named as a party in the action, but was joined by plaintiff pursuant to Pa. R. C. P. 1033.

Pennsylvania Rule of Civil Procedure 1033 entitled "Amendment" makes no provision for amending a complaint by adding a party to the action. Such provision is made, however, in Pa. R. C. P. 2232(c), the pertinent part of which reads as follows:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. . . ."

In addition, Rule 2232(a)(4) of our Local Rules of Court provides as follows:

"An application under Pa. R. C. P. 2232(c) to join as a party any other person who could have joined or have been joined as such in the action shall be by petition and rule to show cause."

Plaintiff should have proceeded accordingly. However, by virtue of the demurrer now before us, we are called upon to resolve the same issue which undoubtedly would be raised on petition and rule brought in proceedings pursuant to Pa. R. C. P. 2232(c). Consequently, in the interest of saving time and expense of all concerned, and since in effect the rules have not been undermined, we shall dismiss defendant's motion to strike.

The demurrer is based upon the proposition that plaintiff is not a third party beneficiary under the two payment bonds.

A preliminary objection in the nature of a demurrer admits every well pleaded material fact set forth in the pleading to which it is addressed as well as inferences

reasonably deducible therefrom: Mistick v. Cammack, 397 Pa. 296.

A materialman has a direct right of action on a construction bond, if the bond inures to his benefit: Commonwealth v. Great American Idemnity Co., 312 Pa. 183. Therefore, the question before us is: Do the bonds inure to plaintiff's benefit? We believe they do.

Each bond incorporates the applicable construction contract within its terms and is conditioned as follows:

"Now, therefore, the condition of the above obligation is such, that if the above bounden principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract, then this obligation to be void; otherwise to remain in full force and virtue."

Each contract sets forth under section 4.4.1 headed "Labor and Materials" the following:

"4.4.1 Unless otherwise specifically noted, the Contractor shall provide and pay for all labor, materials, equipment, tools, construction equipment and machinery, water, heat, utilities, transportation, and other facilities and services necessary for the proper execution and completion of the Work."

Each contract further sets forth under section 7.5 headed "Performance Bond and Labor and Material Payment Bond" the following:

"7.5.1 The Owner shall have the right prior to signing the Contract, to require the Contractor to furnish bonds covering . . . the payment of all obligations arising thereunder . . ."

It is not necessary that the wording of the bond expressly provide that it is for the benefit of a materialman. The materialman, as a third party beneficiary, has an enforceable right if the surety promises in the bond, either in express words or by reasonable implica-

tion, to pay money to him: Commonwealth v. Great American Indemnity Co., supra.

The Restatement of the Law, Security, § 165, states as follows:

"Where a surety for a contractor on a construction contract agrees in terms with the owner that the contractor will pay for labor and materials, or guarantees to the owner the promise of the contractor to pay for labor and materials, those furnishing labor or materials have a right against the surety as third party beneficiaries of the surety's contract, unless the surety's contract in terms disclaims liability to such persons."

This section has been cited with approval by our Supreme Court in Dravo-Doyle Company v. Royal Indemnity Company, 372 Pa. 64. Further, it was employed by the Superior Court in Pennsylvania Supply Company v. National Casualty Company, 152 Pa. Superior Ct. 217, in finding that a bond inured to the benefit of a materialman.

In the present matter, the bonds, by their very own terms and by incorporating the contract between the contractor and the owner, insure payment by the contractor to all persons supplying materials. We believe that the bonds, by virtue of their broad language which is in no essential way limited by the contracts incorporated therein, inure to the benefit of plaintiff.

Finally, we note that the very last clause appearing in each bond merely conditions defendant's liability "to the Obligees, or either of them." It does not, in our opinion, disclaim liability to materialmen.

We conclude, therefore, that plaintiff's second amended complaint states a cause of action under the two payment bonds attached thereto.

Accordingly, we enter the following

## ORDER

It is ordered, adjudged and decreed that the preliminary objections in the nature of a motion to strike and a demurrer are hereby dismissed; defendant, Insurance Company of North America, is hereby granted an additional 20 days from this date to file an appropriate pleading.