**M.R. MIKKILINENI, Appellant**

v.

**AMWEST SURETY INSURANCE CO., Waterproducts Co., Lindsay, McCabe & Lee, Zimmer Kunz, Gibson–Thomas Engineering Co., Derry Township Municipal Authority, Indiana County Transit Authority, Indiana County Commissioners, Edward Schmitt, Mark Gera, McDonald, Snyder & Lightcap, John P. Merlo, Ila Jeanne Sensenich, and Arthur J. Schwab.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 9, 2006.

Decided Feb. 26, 2007.

Rehearing Denied En Banc
April 23, 2007.

---

**308**

M.R. Mikkilineni, appellant, pro se.

David M. Chmiel, Pittsburgh, for appellees, Amwest Surety Insurance Company and Lindsay, McCabe & Lee.

Colleen P. Kartychak, Pittsburgh, for appellee, Zimmer Kunz.

Donald J. Snyder, Jr., Latrobe, for appellees, Gibson–Thomas Engineering Co., Edward Schmitt, Mark Gera, and McDonald, Snyder & Lightcap.

William J. McCabe, Greensburg, for appellee, Derry Township Municipal Authority.

Marie Milie Jones, Pittsburgh, for appellee, Indiana County Commissioners.

Michael T. Clark and John P. Merlo, Indiana, for appellees, John P. Merlo and Indiana County Transit Authority.

Robert L. Eberhardt, Pittsburgh, for appellees, Ila Jeanne Sensenich and Arthur J. Schwab.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

M.R. Mikkilineni (Plaintiff), a litigious individual representing himself,[1] appeals an order of the Allegheny County Common Pleas Court (trial court) sustaining the preliminary objections of Indiana County Transit Authority, Indiana County Commissioners, and their counsel, John P. Merlo (Indiana County Defendants) to Plaintiff's amended complaint. The court's order transferred Plaintiff's action against Indiana County Defendants to the Indiana County Common Pleas Court. In addition, Plaintiff challenges the trial court's separate orders sustaining Remaining Defendants'[2] preliminary objections and dismissing with prejudice his amended complaint.[3] We quash Plaintiff's appeal of the additional orders dismissing his amended complaint and affirm the transfer order.

## I. Background

The following facts are culled from Plaintiff's 46–page amended complaint.

---

**1.** As discussed later in this opinion, Plaintiff's original complaint in this matter is identical to one filed in the United States District Court for the District Court of Columbia. The District Court transferred the matter to the Western District of Pennsylvania because that court "already ruled multiple times on similar claims filed by [Plaintiff]" and transferring the action "best serve[d] the interests of justice." Original Record (O.R.) Item 20. In dismissing the federal action, Western District Judge Arthur J. Schwab observed that Plaintiff filed over 100 complaints in courts throughout the country. As a result, the Court ordered its Clerk to refuse any uncounseled complaints or other initial pleadings from Plaintiff involving these same parties, or

involving Plaintiff's defunct engineering corporation. *Id.*

**2.** Remaining Defendants include Lindsay, McCabe & Lee; Zimmer Kunz; Gibson–Thomas Engineering Company; Derry Township Municipal Authority; Edward Schmitt; Mark Gera; McDonald, Snyder & Lightcap; The Honorable Ila Jeanne Sensenich; and The Honorable Arthur J. Schwab.

**3.** The Honorable Gene B. Strassburger, III, entered the order transferring Plaintiff's amended complaint to Indiana County. The Honorable Eugene F. Scanlon, Jr., entered the remaining orders. For clarity, we refer to both respected jurists as the trial court.

Plaintiff, a professional engineer, was the sole shareholder of now-defunct M.R. Mikkilineni Engineers, P.C. (Corporation). In 1990, Corporation entered into a contract with the Derry Township Municipal Authority (Municipal Authority) for installation of sewer pipes. Gibson–Thomas Engineering Company acted as Municipal Authority's engineer. Amwest Surety Insurance Company issued Corporation a performance bond. Waterproducts Company supplied Corporation with construction materials.

At some point during construction, Plaintiff alleges, Municipal Authority refused to make scheduled payments, to issue required change orders, to extend contract deadlines, and to compensate Corporation for additional work. Municipal Authority ultimately declared Corporation in breach of contract and pursued remedies through Amwest's bond. In addition, Waterproducts made a claim with Amwest due to Corporation's failure to pay for construction materials. Amwest resolved the claims in part by collecting against Corporation's collateral.

Corporation likewise entered into construction contracts with the Indiana County Transit Authority and Indiana County Commissioners. Although unclear, Plaintiff alleges Indiana County Defendants failed to fully compensate Corporation pursuant to the contract.

In 1992, Plaintiff filed a three-count complaint in the United States District Court against Amwest and its counsel Robert McCabe, against Waterproducts, against Municipal Authority and its agent David Pohland, and against Gibson–Thomas and its agent Edward Schmitt. The complaint generally alleged breach of contract.

In January 1994, Plaintiff filed an identical complaint with the trial court. The court sustained defendants' preliminary objections and granted Plaintiff leave to amend the complaint. In addition, the court stayed the proceedings pending resolution of the federal action. In April 2004, The Honorable Arthur J. Schwab dismissed Plaintiff's federal complaint with prejudice for lack of subject matter jurisdiction. O.R. Item 20.

In November 2005, Plaintiff filed an amended complaint with the trial court. With the exception of Pohland and McCabe, Plaintiff named all original defendants and, without leave of court, added several others. The added defendants include: Lindsay, McCabe, & Lee, and Zimmer Kunz, who are law firms representing Amwest; Indiana County Defendants; McDonald, Snyder & Lightcap, Gibson–Thomas' counsel; Mark Gera, Gibson–Thomas' agent; The Honorable Ila Jeanne Sensenich[4] and The Honorable Arthur J. Schwab.

Plaintiff's amended complaint contains four counts. Count I alleges all defendants except Amwest, Waterproducts, and Judge Schwab and Magistrate Judge Sensenich, violated Plaintiff's right to equal protection contrary to the Fifth and Fourteenth Amendments to the U.S. Constitution. Count II sets forth a claim of conversion of Plaintiff's work materials against the same defendants. Count III, against all defendants except Amwest, Waterproducts, and Indiana County Defendants, alleges fraud. Finally, Count IV, against the named defendants in Count III, alleges intentional infliction of emotional distress.

All defendants except Amwest and Waterproducts filed preliminary objections to

---

4. The allegations against U.S. District Magistrate Judge Sensenich are unclear, but it appears she recommended dismissal of one of Plaintiff's federal complaints. O.R. Item 53.

the amended complaint.[5] In *seven separate* orders dated February 13, 2006, the trial court granted defendants' preliminary objections and:

1. dismissed Counts I–IV against Lindsay, McCabe & Lee;

2. dismissed Counts I–IV against Zimmer Kunz;

3. dismissed Counts I–IV against Gibson–Thomas; Edward Schmitt; Mark Gera; and McDonald, Snyder & Lightcap;

4. dismissed Counts I and II against Municipal Authority;

5. dismissed Counts III and IV against Sensenich and Schwab;

6. transferred Counts I and II against Indiana County Defendants to the Indiana County Common Pleas Court; and

7. granted Amwest's motion to enforce injunction.

Plaintiff promptly filed *one* notice of appeal with the Superior Court appealing the trial court's orders. Notice of Appeal of February 9, 2006. Plaintiff attached to his notice of appeal the order transferring the causes of action against Indiana County Defendants, as well as the six orders dismissing the amended complaint with prejudice against Remaining Defendants.

By letter of March 2, 2006, Deputy Prothonotary of the Superior Court of Pennsylvania informed the Allegheny County Prothonotary (with copy to Plaintiff) that only one order per appeal is permissible. The Superior Court required that Plaintiff either amend his notice of appeal to correctly identify the order being appealed or file six additional appeals. O.R. Item 63.

Consequently, Plaintiff filed an amended notice of appeal. Substantially similar to the original notice of appeal, it provides in relevant part:

> [Plaintiff], hereby, submits an *amended* Notice of Appeal on this date, 3/8/06, based on the Final–Order entered on 2/14/06 [sic] by judge Scanlon/judge Strassburger—who *arbitrarily* or *capriciously sustained* defendants' preliminary objections and—
>
> *Dismissed* claims with prejudice, and/or Ordered to *partition-change venue* despite a joint-*liability* action against *all* defendants under Rule 1006(c) since the '*occurrence took place out of which the cause of action arose*' at the *federal*-court in Pittsburgh, Pa.

Amended Notice of Appeal of March 13, 2006 (emphasis in original). Importantly, Plaintiff opted not to file additional, separate appeals from the other orders. The Superior Court later transferred Plaintiff's appeal to this Court, which is now before us. *M.R. Mikkilineni v. Amwest Surety Ins. Co., et al.*, (Pa.Super. No. 605 WDA 2006, filed June 2, 2006).

On appeal, Plaintiff raises 11 issues attacking the trial court's orders. For the reasons stated below, we address only

---

**5.** Rather than filing preliminary objections, Amwest filed a motion to enforce injunction. According to the motion, a Nebraska federal court issued an injunction protecting Amwest's assets from judgment during insolvency proceedings. The trial court granted the motion and precluded Plaintiff from prosecuting its action against Amwest. As discussed later in this appeal, Plaintiff failed to properly appeal this order. Moreover, we note Counts I through IV of the amended complaint fail to identify causes of actions against Amwest and Waterproducts. As a result, there are no pending claims against them. *See Estate of Swift v. Ne. Hosp. of Phila.*, 456 Pa.Super. 330, 690 A.2d 719 (1997) (where a plaintiff fails to properly plead a cause of action, it is waived); Pa. R.C.P. No. 1020 (each cause of action shall be stated in a separate count containing a demand for relief). In addition, we observe Plaintiff fails to challenge the court's order granting Amwest's motion in his statement of questions presented. Pl.'s Brief, at 3–4.

those issues challenging the trial court's order transferring Plaintiff's causes of action against Indiana County Defendants.[6]

## II. Appeal of February 13, 2006 Orders Dismissing the Amended Complaint against Remaining Defendants

Before examining the merits of Plaintiff's appeal, we address the threshold issue of whether Plaintiff properly appealed the trial court's multiple orders dismissing with prejudice the amended complaint against Remaining Defendants. Concluding he did not, we quash Plaintiff's appeal from those orders.

We initially note an appeal from a court of common pleas is governed by Chapter 9 of the Rules of Appellate Procedure. More specifically, Pa. R.A.P. 904 sets forth the required content of a notice of appeal, which simply informs the appellate court of the order from which the appeal is taken and its date; a party is not required to attach a copy of the order on review. *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 894 A.2d 179 (Pa.Cmwlth.2006) (single judge opinion by Simpson, J). Thus, Plaintiff's original and amended notices of appeal with attached trial court orders are not determinative of whether Plaintiff properly appealed the orders dismissing the amended complaint against Remaining Defendants.

In *General Electric Credit Corp. v. Aetna Casualty & Surety Co.*, 437 Pa. 463, 263 A.2d 448 (1970), our Supreme Court reviewed the propriety of filing one appeal from multiple judgments. There, the plaintiff corporation filed an action against seven insurance companies to recover damages sustained in a fire. A jury returned a verdict in favor of the plaintiff corporation against five of the seven defendants; two defendants were found not liable. After post-trial motions were denied, separate judgments were entered as to each defendant. However, the plaintiff corporation filed one notice of appeal as to all seven defendants.

Relevant for current purposes, the Court considered the appeal from two orders denying post-trial relief against the exonerated defendants. Although the Court ultimately disposed of the appeal on the merits, it recognized the established principles that "[t]aking one appeal from several judgments is not acceptable practice and is discouraged" and that "a single appeal is incapable of bringing on for review more than one final order, judgment or decree...." *Id.* at 468–70, 263 A.2d at 452.

■ This is by no means an inflexible rule. A court may refrain from quashing an appeal in the interests of judicial economy. *Id.* Nevertheless, a court will quash an appeal where review will not provide a meaningful remedy. *Id.*

■ This Court, relying on *General Electric*, holds "the practice of filing one appeal from multiple orders is strongly disapproved and in the future, the Court will quash single appeals from multiple orders unless otherwise dictated by compelling circumstances." *Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa.Cmwlth.1995); *see also Praskac v. Unemployment Comp. Bd. of Review*, 683 A.2d 329, 333 (Pa.Cmwlth.1996) (same).

■ Here, we find no compelling circumstances justifying a full merits review

6. By way of further procedural history, this Court denied Indiana County Defendants and Amwest's motion to quash, concluding each order is appealable as of right. *M.R. Mikkili-neni v. Amwest Surety Ins. Co., et al.*, (Pa. Cmwlth., No. 1358 C.D.2006, filed August 15, 2006) (per curiam).

of the trial court's orders dismissing Plaintiff's amended complaint against Remaining Defendants, for several reasons. First, as previously noted, the Superior Court informed Plaintiff a single notice of appeal from multiple final orders is impermissible. This advice is entirely consistent with established law. In a thoughtful effort to avoid an outcome occasioned by Plaintiff's lack of legal training, the Superior Court offered Plaintiff a "second chance" and told him what he needed to do. The Court instructed him *either* to file an amended notice of appeal clarifying the order sought to be reviewed *or* to file additional notices of appeal. With this instruction, Plaintiff chose not to file additional appeals; rather, he added language describing an order. From this we conclude Plaintiff's appeal operated to preserve issues as to one order.

Second, the only order clearly identified in the amended notice of appeal is the order transferring the action to Indiana County. Plaintiff complains the trial court:

> *Dismissed* claims with prejudice, and/or Ordered to *partition-change venue* despite a joint-*liability* action against *all* defendants under Rule 1006(c) since the 'occurrence took place out of which the cause of action arose ' at the *federal-*court in Pittsburgh, Pa.

Amended Notice of Appeal of March 13, 2006 (emphasis in original). Of all the orders entered on February 14, 2006, the only one which is sufficiently described is the *"partition-change venue "* order. It is therefore understandable that the only order for which the trial court issued a statement of reasons is the transfer order. In short, because the Plaintiff refused to file additional notices of appeal and because the only order he described is the transfer order, that is the only order for which review is preserved.

Third, extension of this marathon litigation will not provide a different outcome. In view of the meritorious defenses to Plaintiff's claims, a remand to the trial court for statements of reasons supporting the other final orders would only further delay judgment in favor of Remaining Defendants. We therefore observe the following in the interest of judicial economy.

Initially, we note Plaintiff alleges in Counts III and IV that Judge Schwab and Magistrate Judge Sensenich committed fraud and intentional infliction of emotional distress. As jurists, they enjoy immunity from liability for acts undertaken in their judicial capacities. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Consequently, Plaintiff's claims will fail.

Similarly, as counsel, Lindsay, McCabe & Lee, Zimmer Kunz, and McDonald, Snyder & Lightcap, enjoy absolute immunity for allegedly tortious conduct so long as the communications were germane to judicial proceedings. *Brown v. Del. Valley Transplant Program,* 372 Pa.Super. 629, 539 A.2d 1372 (1988). Here, Plaintiff's averments against these Defendants arise solely from their actions as counsel. Plaintiff's claims will ultimately fail against these Defendants.

Further, Plaintiff alleges in Count I various Remaining Defendants violated his right to equal protection and due process of law protected by the Fifth and Fourteenth Amendments to the U.S. Constitution. However, the Fifth Amendment applies only to the federal government's conduct which deprives a person of due process. *Local 1498 Am. Fed'n of Gov't Employees v. Am. Fed. of Gov't Employees, AFL/CIO,* 522 F.2d 486 (3d Cir.1975). Likewise, the Fourteenth Amendment applies to state conduct which deprives an individual of due process. *Jones v. City of Phila.,* 890 A.2d 1188 (Pa.Cmwlth.2006). Here, Plaintiff failed to plead facts sup-

porting a conclusion that Remaining Defendants acted under color of federal or state law.

■■■ Moreover, to obtain a judgment against a municipality, a plaintiff must prove the municipality supported a violation of the rights alleged. *Hennessy v. Santiago*, 708 A.2d 1269 (Pa.Super.1998). Thus, liability attaches to a municipality only when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 1274. Here, Plaintiff failed to allege Municipal Authority issued an official policy depriving him of his civil rights, or that it engaged in a customary course of conduct which caused Plaintiff's harm. Plaintiff's claims against Municipal Authority therefore fail.[7]

Furthermore, Plaintiff alleges conversion, fraud, and intentional infliction of emotional distress in Counts II through IV. Remaining Defendants filed preliminary objections to Counts II through IV raising procedural and substantive challenges. As noted before, the trial court sustained the preliminary objections without opinions.

Nevertheless, Plaintiff's claims of conversion and intentional infliction of emotional distress are barred by the two-year statute of limitations. 42 Pa.C.S. § 5524. More specifically, the transactions giving rise to Plaintiff's claims of conversion and intentional infliction of emotional distress occurred in 1991. Plaintiff failed to set forth these causes of action in the original 1994 complaint. These claims first appear in the 2005 amended complaint, well beyond the two-year limitations period. *Id.*

The present causes of action are therefore time-barred. *Chaney v. Meadville Med. Ctr.*, 912 A.2d 300 (Pa.Super.2006) (an amendment to the pleadings introducing a new cause of action will not be permitted after the statute of limitations has run in favor of defendant).

Based on the same authority, Plaintiff's claims of fraud are barred. Plaintiff commenced this action by summons on July 20, 1993. On January 21, 1994, Plaintiff filed his original complaint. It for the first time named as parties Defendants Gibson–Thomas, Municipal Authority, and Edward Schmitt, and it identified various construction-related actions by them before June, 1991, which amounted to fraud or breach of contract. O.R. Item 4, ¶ 47. Obviously, a 1994 complaint is untimely as to alleged fraud occurring before June, 1991, because it is filed more than two years after the conduct in question. 42 Pa.C.S. § 5524.

In his 2005 amended complaint, Plaintiff abandons claims for breach of contract. He maintains claims of fraud against these Remaining Defendants, continuing to identify construction-related activities before June, 1991. He also adds claims against these Remaining Defendants and Mark Gera for fraudulent representations during the various court proceedings from 1991–2002. The construction-related fraud claims, which were untimely when originally brought, are not revived by this filing. Also, the 2005 amended complaint was filed more than two years after the court-related activities which form the basis of the added fraud claims. These are also barred by the two year statute of limitations.

In sum, because we find no compelling circumstances justifying the failure to file separate appeals of the trial court's multi-

---

7. In addition, Plaintiff's argument seems to be that Municipal Authority's depriving act consisted of an objection to arbitrate the contrac- tual dispute, thereby denying Plaintiff access to court. This is an insufficient statement of action "under color of state law."

ple final orders, and no meaningful remedy will be available, we quash Plaintiff's appeal to the extent it challenges the trial court's orders dismissing with prejudice the amended complaint against Remaining Defendants. *Praskac; Croft.*

## III. Appeal of February 13, 2006 Order Transferring Plaintiff's Complaint against the Indiana County Defendants to Indiana County Common Pleas

We now review the only order properly appealed, the trial court's February 13, 2006, order transferring Plaintiff's amended complaint against the Indiana County Defendants to Indiana County. Plaintiff raises three issues: whether the trial court erred by failing to strike the untimely preliminary objections; whether venue is proper in Allegheny County; and, whether the action should remain in Allegheny County pursuant to Pa. R.C.P. No. 213.1(d) (coordination of actions in different counties).[8]

■ Plaintiff first complains the trial court erred by failing to strike Indiana County Defendants' preliminary objections as untimely. We disagree.

The Pennsylvania Rules of Civil Procedure provide that all pleadings subsequent to the complaint must be filed within 20 days after service of the preceding pleading. Pa. R.C.P. No. 1026. This Rule, however, may be interpreted as permissive rather than mandatory. *Gale v. Mercy Catholic Med. Ctr. Eastwick, Inc., Fitzgerald Mercy Div.*, 698 A.2d 647 (Pa.Cmwlth.

1997). It is left to the sound discretion of the trial court to permit a late filing of a pleading "where the opposing party will not be prejudiced and justice so requires." *Id.* at 649.

As summarized previously, the trial court stayed proceedings on Plaintiff's complaint pending resolution of the federal complaint, with leave to file an amended complaint. The District Court dismissed Plaintiff's action in April 2004; Plaintiff filed the amended complaint 18 months later. Indiana County Defendants accepted service of the amended complaint on December 2, 2005, and filed their preliminary objections on January 11, 2006. O.R. Items 32, 36. Plaintiff filed a motion to strike the preliminary objections as untimely. O.R. Item 46.

The trial court sustained Indiana County Defendants' preliminary objections in the nature of a motion to transfer and did not specifically address Plaintiff's motion to strike. We find no error in the trial court's determination.

Plaintiff initiated his action in 1993/1994 without naming Indiana County Defendants as parties. After the federal court dismissed Plaintiff's action in April 2004, Plaintiff filed his amended complaint in November 2005 adding Indiana County Defendants as parties. This was well beyond the time contemplated in Pa. R.C.P. No. 1028(f) (an amended pleading shall be filed within 20 days after notice of the order allowing amendment or within such other time as the court shall fix).

---

**8.** Our review of a trial court's order sustaining preliminary objections is limited to determining whether the trial court erred as a matter of law or abused its discretion. *E. Lampeter Twp. v. County of Lancaster*, 696 A.2d 884 (Pa.Cmwlth.1997). In order for a trial court to sustain preliminary objections, it must appear with certainty the law will not allow recovery; any doubt must be resolved in favor of the non-moving party. *Id.* All well-pled facts in the complaint, and reasonable inferences arising from those facts, are accepted as true. *Id.* However, unwarranted inferences, conclusions of law, argumentative allegations or expressions of opinion need not be accepted. *Myers v. Ridge*, 712 A.2d 791 (Pa.Cmwlth.1998).

More importantly, the record lacks evidence indicating Plaintiff petitioned the court to add Indiana County Defendants as parties to the action. Plaintiff joined Indiana County Defendants only by naming them in the amended complaint. This is impermissible. *See* Pa. R.C.P. No. 2232(c); *U.S. Steel Corp. v. Mursor Builders, Inc.*, 61 Pa. D. & C.2d 454 (C.P.Luzerne, 1972); 3 STANDARD PA. PRACTICE § 14:134 (2002). Thus, where Plaintiff delayed filing his amended complaint and improperly added additional defendants without leave of court, the trial court fairly addressed the merits of the preliminary objections rather than overruling them on procedural grounds.

■ Plaintiff also challenges the trial court's order transferring the matter to Indiana County, maintaining venue is proper in Allegheny County.[9] A trial court's decision on whether to transfer venue is not to be disturbed absent an abuse of discretion. *Cheeseman v. Lethal Exterminator, Inc.*, 549 Pa. 200, 701 A.2d 156 (1997).

■ Coordinating Rules 1006 and 2103(b) govern venue in this matter. Together, these Rules mandate that an action against a political subdivision be brought only in the county in which it is located. Pa. R.C.P. Nos. 1006 (relating to venue generally); 2103 (relating to venue of matters against political subdivisions); *See also* Pa. R.C.P. No. 76 (definition of political subdivision includes municipal or other local authority). Thus, proper venue against these Defendants lies in Indiana County.

In his final argument, Plaintiff contends this matter should proceed in Allegheny County pursuant to Pa. R.C.P. No. 213.1(d), providing for the coordination of actions in different counties. More specifically, he claims the action should remain in Allegheny County for the convenience of the parties.

Where there are pending actions in different counties, Pa. R.C.P. No. 213.1(a) allows a party to file a motion with the court requesting coordination of the actions. Plaintiff filed a motion seeking to coordinate pending matters in Westmoreland and Indiana Counties with the Allegheny County action. The trial court, per The Honorable Judith L.A. Friedman, denied Plaintiff's motion.

At this juncture, however, there are no pending claims in Allegheny County. In addition, the remaining causes of action accrued in Indiana County, Defendants are residents of that county, and Plaintiff is not a resident of Allegheny County. Given these facts, an order coordinating all pending matters in Allegheny County is improper. Plaintiff's argument thus fails.

## IV. Conclusion

Based on the foregoing, we quash Plaintiff's appeals of the trial court's orders dismissing with prejudice the amended complaint against Remaining Defendants. We further affirm the trial court's February 13, 2006 order transferring Plaintiff's amended complaint against Indiana County Defendants to Indiana County Common Pleas Court.

### *ORDER*

AND NOW, this 26th day of February, 2007, the order of the Allegheny County

---

**9.** Like the trial court, we view Indiana County Defendants as a single entity. Nevertheless, given the fact that there are no pending claims in Allegheny County, and the transactions giving rise to Plaintiff's causes of action against Merlo individually are based on Plaintiff's contractual relationship with the other Indiana County Defendants, we conclude the trial court properly transferred all remaining claims to Indiana County.

Common Pleas Court transferring M.R. Mikkilineni's amended complaint against the Indiana County Transit Authority, Indiana County Commissioners and John P. Merlo, to the Indiana County Common Pleas Court is **AFFIRMED.** Further, Plaintiff's appeals of the trial court orders dismissing with prejudice the amended complaint against Lindsay, McCabe & Lee; Zimmer Kunz, Gibson–Thomas Engineering Co.; Derry Township Municipal Authority; Edward Schmitt; Mark Gera; McDonald, Snyder & Lightcap, Ila Jeanne Sensenich and Arthur J. Schwab are **QUASHED.**