# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brian C. Moore, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 223 M.D. 2023 |
| | : | |
| Pennsylvania Parole Board, | : | |
| Pennsylvania Attorney General, | : | |
| Gloria Burda SCI-Mahanoy, | : | |
| Michelle L. McGee SCI-Mahanoy, | : | |
| Michael D. Schmid SCI-Coal | : | |
| Township, | : | |
| Respondents | : | Submitted: July 5, 2024 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  August 16, 2024

Petitioner Brian C. Moore (Moore), an inmate currently incarcerated within our Commonwealth's state prison system, has filed a *pro se* original jurisdiction "Amended Petition for Review in the Nature of Writ of Mandamus" (Second Amended Petition). Therein, Moore seeks relief regarding Respondents Pennsylvania Parole Board's (Board); Pennsylvania Attorney General (AG); Gloria Burda, SCI-Mahanoy (Burda); Michelle L. McGee, SCI-Mahanoy (McGee); and Michael D. Schmid, SCI-Coal Township's (Schmid) allegedly unlawful disposition of his applications for parole; retroactive imposition of a statutory requirement that he successfully complete a sex offender rehabilitation program; and failure to

acknowledge that he had already completed such a program.[1] Moore now seeks summary relief in his favor, while the Board, Burda, McGee, and Schmid have collectively filed preliminary objections regarding the Second Amended Petition. After thorough review, we sustain these preliminary objections in part, dismiss them as moot in part, dismiss the Second Amended Petition with prejudice, and deny Moore's application for summary relief.

## I. Background

In 1987 and 1988, Moore was convicted through two separate trials of corruption of minors, involuntary deviate sexual intercourse, kidnapping, rape, and simple assault. Second Am. Pet., ¶¶3-4. As a result, he was sentenced to an aggregate carceral term of 27 years, 11 months, and 29 days, to 66 years in state prison. *Id.*, ¶5. While incarcerated, Moore subsequently completed a Department-offered "52-week sex offender group treatment program" in March 1992. *Id.*, Ex. 14.

Decades passed as Moore continued to serve his sentence, before he finally became eligible to seek parole. Moore filed his first parole application in 2014, which was subsequently denied by the Board. *Id.*, ¶¶7-8, Ex. 1. Moore applied again in 2018, 2019, and 2020, but the Board denied each of these applications as well. *Id.*, ¶¶7-8, Exs. 2-4. Moore subsequently filed a fifth parole application in 2021, to which the Board never responded. *Id.*, ¶¶9-10, Ex. 6.

Moore waited until January 2023 to once again apply for parole. *Id.*, ¶12, Ex. 8. On January 19, 2023, the Board sent a letter to Moore, in which it explained that it had declined to consider this application because, per Section 6139 of the Prisons

---

[1] Though Moore had named the AG, Burda, McGee, and Schmid as respondents in this matter, he does not actually press any claims against those parties. *See generally* Second Am. Pet.

and Parole Code (Parole Code),[2] it was "not required to consider an application for parole by an inmate or his/her attorney submitted within three years from the date a Board Action was recorded after a parole interview or hearing" in the event the inmate had been convicted of certain crimes. *Id.*, ¶13, Ex. 9.[3] Though the Board did not expressly state which of Moore's crimes rendered him ineligible for parole review at that point, the Board did provide a general list of a number of crimes regarding which an inmate may seek parole review every three years, including involuntary deviate sexual intercourse and rape (both of which are crimes for which Moore had been convicted.) *Id.*, Ex. 9. Moore then administratively appealed this dismissal of his parole application, but the Board denied this appeal on February 23, 2023, on the basis that "designation of parole applications is not subject to appeal[,]" while also noting that Moore would be able to apply for parole again on December 21, 2023, *i.e.*, three years from the date of the Board's most recent parole denial decision. *Id.*, ¶¶24-25, Exs. 10-11.

Thereafter, Moore filed a "Petition for Review in the Nature of Mandamus" with our Court on April 27, 2023, in which he named the Board, Burda, McGee, and Schmid as respondents. Moore then followed by submitting an amended "Petition for Review in the Nature of Mandamus" on May 26, 2023, through which he added the AG and Pennsylvania Department of Corrections (Department) as respondents, while also electing not to name Burda, McGee, and Schmid (collectively Individual Respondents) as respondents. Then, on June 16, he filed his Second Amended

---

[2] 61 Pa. C.S. § 6139.

[3] This three-year review limitation was added to Section 6139 by the Act of November 25, 2020, P.L. 1219.

Petition, in which he dropped the Department as a respondent, while once again adding Individual Respondents to the caption.

In his Second Amended Petition, Moore alleges that the Board acted unlawfully by retroactively applying two statutes to his situation: the aforementioned Section 6139 of the Parole Code, and Section 9718.1 of the Sentencing Code[4] (which mandates that those convicted of certain crimes of a sexual nature are not eligible for parole unless they successfully complete a Department-provided sex offender counseling or therapy program). *Id.*, ¶¶13-15, 18. In addition, Moore argues that the Board ignored the fact that he completed a counseling program in 1992, allegedly in violation of Department policy that, in Moore's reading, would relieve him of the need to complete another program of that nature. *Id.*, ¶¶17, 20-21.[5] Furthermore, Moore asserts that Schmid made a false statement about him in 2012, which was placed in Moore's institutional file. *Id.*, ¶22. Schmid's statement reads as follows:

> Per vote sheet dated 03/2/12, [SCI-Coal Township's] Facility Manager has assigned . . . Moore to the Institutional Sexual Predator List due to his sexual harassment and sexual misconduct towards a female staff member. . . . Moore entered his counselor's office and began masturbating inside his trousers in front of the female counselor. Any attempt by her to leave or summon help was met by aggressive movements on his part. The female staff member avoided a physical attack by withdrawing to the back of her office and remaining still. . . . Moore presumably ejaculated and threatened her not to tell anyone before leaving the office. . . . Moore was subsequently placed in [SCI-Coal Township's restricted

---

[4] 42 Pa. C.S. § 9718.1. Section 9718.1 was added to the Sentencing Code by the Act of December 20, 2000, P.L. 721.

[5] Moore also notes that McGee, who he claims is a psychologist, reviewed his situation in 2016 and concluded that he need not complete another sex offender counseling program, due to the fact that he had completed the program in 1992. Second Am. Pet., ¶19, Ex. 24 at 3.

4

housing unit,] where he remains pending this separation transfer.

A review of . . . Moore's record reveals that his committing offenses were extremely violent/sexual in nature, targeting weaker females. [Moore's] pre-sentence investigation reveals that he has been overtly sexual since the age of 5, "having a need [to] expose himself to others." There are also indications that he harbors serious resentment[] towards women and acts out sexually when able.

On February 19, 2012, three months after his assault . . . Moore filed a grievance alleging wrong doing by his counselor, and noted that other staff were complicit in this alleged behavior. The grievance was thoroughly investigated by Lt. Long, Security Lieutenant, and denied. Despite his apparent vigor to impugn his counselor and re-victimize her, . . . Moore's grievance was glaringly sparse on details.

[Moore] remains on a waiting list for sex offender and violence prevention programming. However, given the eerily similar and stagnant nature of his sexual acts/arousal patterns between 1986 and 2011, he appears to be fixated on this type of interaction with females. Any prognosis for improvement/change would seem to be poor.

Based on the aforementioned information, [SCI-Coal Township] is requesting separation transfer from this staff member. It is also this facility's recommendation that [Moore] be transferred to a higher level facility. Rather than just moving [Moore,] it is also recommended that [he] be designated as an institutional sexual predator towards female staff. An "H" code would also be appropriate. Absent any other means or further designation, it is [SCI-Coal Township's] desire to prevent . . . Moore from any further assaults on female staff. It would also seem prudent to eliminate any unsupervised contact between . . . Moore and female staff.

*Id.*, Ex. 24 at 11. Moore alleges that the Board relied upon this "false" statement when electing to deny his 2020 parole request. *Id.*, ¶22 (citing *id.*, Ex. 23). As support for this assertion, Moore includes a Board-issued "Integrated Case Summary - 13A

5

Parole Summary Application for Parole Review," dated November 5, 2020, which contains the following relevant information:

> Regarding his misconduct dated 11/14/2011 for Sexual Harassment, Using Abusive, Obscene, or Inappropriate Language, Refusing to Obey an Order, and Presence in an Unauthorized Area, he told a female corrections counselor at SCI-Coal Township that her "ass looked amazing in those jeans." When advised to stop he leaned forward and asked if she felt uncomfortable and said that he wouldn't tell anyone and repeated that he, "just wanted five minutes." He refused to leave and was observed masturbating through his shorts, she again ordered him to leave and he responded that he would be done soon. He ejaculated and then threatened her not to tell anyone before leaving the office. He then filed a grievance alleging wrongdoing by his counselor,
>
> There is a separation on file.

*Id.*, Ex. 23 (cleaned up).

Finally, Moore requests the following relief through his Second Amended Petition:

> A writ of mandamus, directing the . . . Board to withdraw the mandate that Moore complete a sex offender program and a sex offender program booster to be eligible for parole[,] to review Moore's application for parole and grant him a parole hearing forthwith[, and] lastly, to reevaluate Moore for parole according to the parole statutes which were in place at the time of his arrest.

*Id.*, Wherefore Clause (cleaned up).

Moore also filed an application for summary relief on June 16, 2023, against the AG and the Board, as well as Individual Respondents. In his brief supporting that application, he asserts that he is entitled to judgment in his favor against the Board for two reasons. First, the Board's application of Section 6139 of the Parole Code and Section 9718.1 of the Sentencing Code to his situation violated the

6

Pennsylvania Constitution's and United States Constitution's *ex post facto* clauses.[6] Moore's Br. in Support of Appl. at 4-7. Second, the Board violated his due process rights by disregarding the fact that he had already completed a sex offender counseling program in 1992; by denying his parole applications in 2014, 2018, 2019, and 2020 for reasons that were not supported by record evidence; and by relying upon Schmid's aforementioned, allegedly false statement about the sexual misconduct Moore had perpetrated against the SCI-Coal Township counselor in 2011. *Id.* at 8-10.

The Board and Individual Respondents responded collectively on August 28, 2023, by filing preliminary objections to the Second Amended Petition and an answer in opposition to Moore's request for summary relief. Moore then replied in opposition to the preliminary objections on September 28, 2023, after which the Board and the Individual Respondents submitted a brief in support of their preliminary objections and against Moore's application for summary relief on November 2, 2023. As such, this matter is ready for our consideration.

## II. Discussion

### A. The Board's and Individual Respondents' Preliminary Objections

We first address the Board's and Individual Respondents' collective preliminary objections which we summarize as follows. They demur to Moore's mandamus claim on three bases. First, they assert that Moore effectively challenges the discretionary authority the Board employed when disposing of his parole applications, which cannot be done via mandamus. Board's and Individual Respondents' Br. at 8-10. Second, they state that Moore has failed to viably assert that they violated either the Pennsylvania Constitution's or the United States

---

[6] PA. CONST. art. I, § 17; U.S. CONST. art. I, § 9.

7

Constitution's *ex post facto* clause. This is for two reasons: (a) none of the Board's parole decisions reference Section 9718.1 of the Sentencing Code as a basis for denying Moore's applications and, furthermore, the Board has longstanding, preexisting authority to deny parole on the basis that an inmate has failed to complete a sex offender counseling program; and (b) the changes to Section 6139 of the Parole Code did nothing to alter the minimum date upon which Moore was eligible for parole and did not modify the standards used to determine whether he should be paroled. *Id.* at 10-17. Finally, they argue that Moore has failed to viably assert that they violated his constitutional right to due process. In the Board's and Individual Respondents' collective view, this is because Moore does not plead that the Board failed to fulfill its minimum statutory duties when handling his parole applications; rather, he simply disagrees with how the Board weighed the evidence that was presented to it, as well as the factors the Board considered while rendering its decisions regarding those applications. *Id.* at 17-18.

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (cleaned up).

8

As for mandamus, it

> is an extraordinary remedy, "designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the [petitioner], a corresponding duty in the [respondent], and want of any other adequate and appropriate remedy." *Coady v. Vaughn*, 770 A.2d 287, 289 (Pa. 2001) (citing *Bronson v. Pa. Bd. of Prob. & Parole*, 421 A.2d 1021, 1023 (Pa. 1980)).

*Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1232 (Pa. Cmwlth. 2021) (cleaned up).

> While . . . mandamus will not lie to compel discretionary acts, this has usually been interpreted to mean that while a court may direct that discretion be exercised, it may not specify how that discretion is to be exercised nor require the performance of a particular discretionary act. The writ cannot be used to control the exercise of discretion or judgment by a public official or administrative or judicial tribunal; to review or compel the undoing of an action taken by such an official or tribunal in good faith and in the exercise of legitimate jurisdiction, even though the decision was wrong; to influence or coerce a particular determination of the issue involved; or to perform the function of an appeal or writ of error.

> In short, mandamus is chiefly employed to compel the performance (when refused) of a ministerial duty, or to compel action (when refused) in matters involving judgment and discretion. It is not used to direct the exercise of judgment or discretion in a particular way, nor to direct the retraction or reversal of an action already taken.

*Pa. Dental Ass'n v. Ins. Dep't*, 516 A.2d 647, 652 (Pa. 1986) (cleaned up).

Accordingly, an inmate may only seek mandamus relief with regard to the Board's denial of their parole application in rare circumstances. As our Supreme Court has made abundantly clear, "mandamus will not lie where the substance of the

[B]oard's discretionary action is the subject of the challenge." *Coady*, 770 A.2d at 290.

> Where, however, discretionary actions and criteria are not being contested but rather the actions of the [B]oard taken pursuant to changed statutory requirements are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the *ex post facto* clause.

*Id.*

> The *ex post facto* prohibition bars enactments by the States "which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000) (citing *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)). "Retroactive changes in laws governing parole of prisoners, in some instances may be violative of this precept." *Id.* (citing *Weaver v. Graham*, 450 U.S. 24, 32 (1981); *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508-09 (1995)). Our Supreme Court has recognized the potential of an *ex post facto* violation by a change in a parole law under the Pennsylvania and United States Constitutions. *Coady*, 770 A.2d at 290. "Two critical elements must be present for a criminal or penal law to be violative of the *ex post facto* clause: 'It must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Cimaszewski v. Pa. Bd. of Prob. & Parole*, 868 A.2d 416, 423 (Pa. 2005) (quoting *Weaver*, 450 U.S. at 29).

*Toland*, 263 A.3d at 1235 (cleaned up). Similarly, an inmate may seek mandamus relief regarding a parole application by asserting that the Board violated their due process rights. *Id.* at 1239-40. The Board commits a violation of this nature if it fails to properly apply the Parole Code's "minimal statutory requirements" when disposing of such an application. *Id.*

10

Before applying these legal precepts to the instant matter, we must again note that Moore *does not actually pose specific claims in the Second Amended Petition against Individual Respondents or seek relief that implicates them*. Rather, he simply makes passing reference to Schmid's 2012 statement that Moore was, in essence, an unreformed sexual predator at that point in time, and McGee's 2016 assessment that Moore did not need additional sex offender counseling, while saying *nothing whatsoever* about Burda. *See generally* Second Am. Pet. We therefore conclude that Moore has abandoned or has elected not to pursue any claims against Individual Respondents. Accordingly, we dismiss the preliminary objections as moot in part, with regard to Individual Respondents.

Next, we turn to Moore's claims against the Board, and the Board's preliminary objections thereto.

We disagree with the Board's first argument. Moore appears to focus primarily on what he claims is the Board's improper retroactive application of Section 6139 of the Parole Code and Section 9718.1 of the Sentencing Code. In doing so, he does not clearly challenge the Board's exercise of discretion in denying his parole applications. Therefore, the Board's assertion that Moore's claim strays beyond the permissible boundaries for mandamus relief is misplaced.

By contrast, we conclude that the Board's second argument is correct because Moore has failed to successfully assert that the Board committed an *ex post facto* clause violation. With regard to Section 6139 of the Parole Code, the three-year parole application review limitation that was added to that statute in 2020 does not extend inmates' sentences or alter the Board's standards for considering whether to parole a given inmate. *Leonardo v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 156

11

M.D. 2021, filed Mar. 17, 2023), slip op. at 10-13, 2023 WL 2544272, at *5-*7.[7] Given this, the Board's dismissal of Moore's 2023 parole application due to this review limitation does not violate the *ex post facto* clauses of either the Pennsylvania Constitution or the United States Constitution. *Id.* As for Section 9718.1 of the Sentencing Code, there is nothing in the Second Amended Petition that suggests that the Board applied this statute's requirements to Moore. At no point did the Board determine that Moore was *statutorily ineligible for parole* because he had failed to complete a sex offender counseling program; rather, the Board reviewed Moore's applications, denied them for various reasons that it listed in its decisions, and then stated on several occasions that it would factor in successful completion of such a program when reviewing future applications. *See* Second Am. Pet., Ex. 1 (2014 decision, in which the Board stated: "At your next interview, the Board will review your file and consider: Whether you have successfully participated in/successfully completed a treatment program for sex offenders and violence prevention."); *id.*, Ex. 2 (2018 decision, in which the Board stated: "Board recommends sex offender program booster."); *id.*, Ex. 3 (2019 decision, with no references to sex offender treatment program); *id.*, Ex. 4 (2020 decision, in which the Board stated: "At your next interview, the Board will review your file and consider: Whether you have successfully participated in/successfully completed a treatment program for sex offenders and sex offender programming booster."); *id.*, Ex. 9 (2023 decision, with no references to sex offender treatment program). Accordingly, Moore has not viably asserted an *ex post facto* clause violation on the basis of Section 9718.1 either.

---

[7] *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a) (unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

Finally, we agree with the Board that Moore has failed to adequately assert that the Board violated his due process rights via the manner in which it handled his parole applications. Moore fails to identify what, if any, minimal statutory requirements the Board neglected to properly apply when considering his parole applications and does not identify any factors that the Board incorrectly considered when doing so. As such, Moore's mandamus claim fails to the extent he predicated it upon the Board's alleged violation of his due process rights. Therefore, we also conclude that the Board's third argument is correct.

Accordingly, we sustain the Board's demurrer and dismiss Moore's claims against the Board, with prejudice.

### B. Moore's Application for Summary Relief

Next, we turn to Moore's application for summary relief.

> Applications for summary relief addressed to this Court's original or appellate jurisdiction are authorized under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, which provides: "At any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment *if the right of the applicant thereto is clear*." [Pa. R.A.P. 1532(b)] (Emphasis added.) Summary relief is similar to summary judgment under the Pennsylvania Rules of Civil Procedure, in that the requested relief is only appropriate where there are no disputed issues of material fact and it is clear that the applicant is entitled to the requested relief under the law. *See Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017). Moreover, we review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party. *Id.*

*Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019).

13

Though Moore seeks summary relief against the Board and Individual Respondents, he is not entitled to do so at this juncture. This is because none of Moore's claims against the Board survived the Board's preliminary objections, and because Moore elected not to lodge any claims against Individual Respondents in his Second Amended Petition. Consequently, we dismiss Moore's application for summary relief as to the Board and Individual Respondents on the basis of mootness.

This leaves one remaining respondent: the AG. Moore makes no reference to the AG in either the Second Amended Petition or his application for summary relief, other than by naming the AG as a respondent in the caption. In other words, there is no claim against the AG in this matter regarding which we could even theoretically grant summary relief, and it is entirely unclear why Moore saw fit to name the AG as a respondent in the first place. As a result, Moore has waived any claims that he may have desired to pursue against the AG. *See M.R. Mikkilineni v. Amwest Sur. Ins. Co.*, 919 A.2d 306, 316 n.5 (Pa. Cmwlth. 2007) ("[W]here a [petitioner] fails to properly plead a cause of action, it is waived[.]").

## III. Conclusion

In accordance with the foregoing analysis, we sustain the Board's demurrer to Moore's Second Amended Petition and dismiss Moore's claims against the Board with prejudice. We also dismiss Individual Respondents' preliminary objections as moot. Finally, we deny Moore's application for summary relief in part, as to the AG, and dismiss it as moot in part, with regard to the Board and Individual Respondents.

_____
ELLEN CEISLER, Judge

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian C. Moore,  :
                    Petitioner  :
                                :
v.                              :  No. 223 M.D. 2023
                                :
Pennsylvania Parole Board,      :
Pennsylvania Attorney General,  :
Gloria Burda SCI-Mahanoy,       :
Michelle L. McGee SCI-Mahanoy,  :
Michael D. Schmid SCI-Coal      :
Township,                       :
                    Respondents :

# **O R D E R**

AND NOW, this 16th day of August, 2024, it is hereby ORDERED:

1.    Respondent Pennsylvania Parole Board's (Board) preliminary objections Petitioner Brian C. Moore's (Moore) "Amended Petition for Review in the Nature of Writ of Mandamus" are SUSTAINED;

2.    Moore's claims against the Board are DISMISSED WITH PREJUDICE;

3.    Gloria Burda SCI-Mahanoy, Michelle L. McGee SCI-Mahanoy, and Michael D. Schmid SCI-Coal Township's (collectively Individual Respondents) preliminary objections are DISMISSED AS MOOT;

4.    Moore's application for summary relief is DENIED IN PART, as to Respondent Pennsylvania Attorney General, and is DISMISSED AS MOOT IN PART, with regard to the Board and Individual Respondents.

_____
ELLEN CEISLER, Judge